IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Alfonso Hartwell, | ) C/A No. 0:09-3065-JFA-PJG |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| John Ozmit, | ) |
| Respondent. | ) |

The petitioner, Alfonso Hartwell ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. On April 21, 1999, Petitioner was convicted of trafficking crack cocaine, possession with intent to distribute marijuana, and possession within one half mile of a school, in the Orangeburg County Court of General Sessions. This Court has previously adjudicated a petition for writ of habeas corpus filed by the Petitioner. In Hartwell v. Bazzle, C/A No. 9:03-2094-CWH (D.S.C. March 16, 2004), this court dismissed Petitioner's § 2254 petition and granted the Respondents' motion for summary judgment. Petitioner has not received permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition. Therefore, the Petition should be dismissed as this court does not have jurisdiction to consider it.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28

Page 1 of 6

U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

*PJG*

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The present habeas petition is the second § 2254 action filed by the Petitioner with respect to his April 21, 1999 conviction.[1] Petitioner's first petition, C/A No. 9:03-2094-CWH, as stated above, resulted in summary judgment being granted for the Respondents on March 16, 2004. Petitioner appealed the District Court's decision to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed Petitioner's appeal in July of 2004. See Hartwell v. Bazzle, No. 04-6571, 2004 WL 1636544 (4th Cir. July 22, 2004); see also Hartwell v. Bazzle, 544 U.S. 985 (2005)

---

[1]The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. Mann v. Peoples First Nat. Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").



(denying petition for a writ of certiorari). Therefore, the present Petition should be dismissed as a successive petition.

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. See Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d at 1194 (footnote omitted).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the



Fourth Circuit under 28 U.S.C. § 2244(b)(3). See In re: Williams, 330 F. 3d 277 (4th Cir. 2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this court does not have jurisdiction to consider it.

### RECOMMENDATION

Accordingly, the court recommends that the Petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2009
Columbia, South Carolina

*The Petitioner is directed to the important Notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).