UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfonso Hartwell, | ) | C/A No. 0:09-3065-JFA-PJG |
|                 Petitioner, | ) | |
| v. | ) | **ORDER** |
| Jon Ozmint, | ) | |
|                 Respondent. | ) | |

The *pro se* petitioner, Alfonso Hartwell, is an inmate with the South Carolina Department of Corrections at the Lieber Correctional Institution. He has filed this petition under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she suggests that this is Mr. Hartwell's second §2254 petition and that this court cannot consider a second or successive petition without a pre-filing authorization from the Fourth Circuit Court of Appeals. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on December 4, 2009. While he filed timely objections to the Report, the objections appear to simply restate the claims in his petition. Further, this court is unpersuaded by petitioner's contentions that he was not aware of the pre-filing authorization rule, that he does not have access to a law library, and that he is a layman to the law.

Alternatively, petitioner asks this court to stay this action for sixty days until he can request permission from the Fourth Circuit Court of Appeals to file a successive petition.

The petitioner argues that although this is his second petition, it is not successive because the issue contained in the present petition is an issue which the facts could not have been discovered previously through due diligence. Specifically, petitioner contends that his underlying state drug conviction was enhanced by a 1992 drug charge in New York which was dismissed in January 2006.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2244(b)(3)(A), a prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. It appears from the record before this court, that the petitioner has failed to obtain prior authorization from the Fourth Circuit Court of Appeals. Accordingly, this court does not have the appropriate jurisdiction to consider the petition.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate

Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is dismissed without prejudice and without issuance and service of process.[2]

Petitioner's request to stay this action pending a ruling from the Fourth Circuit is denied, and his motion for appointment of counsel is denied as well.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

January 29, 2010
Columbia, South Carolina

---

[2] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).